Laramore, Judge,
dissenting:
I respectfully dissent for the following reasons: There is no question that plaintiffs were delayed in the performance of the contract by reason of the strike called by the employees of the Missouri-Pacific Railroad. I believe that had the defendant acted diligently in attempting to avoid the problems certain to be posed by a strike which had been under discussion for several months, was authorized on July 6,1949 to become effective on July 11, but actually occurred September 9,1949, some method could have been worked out whereby delays in delivery of cement could have been avoided. The failure on the part of the defendant to act, I believe, establishes a wilful neglect by defendant and a disregard of plaintiffs’ interests and of defendant’s implied obligations not to hinder performance of the contract, as well as to carry out its direct affirmative obligation to supply the cement, which it had voluntarily contracted to do. Willis ton on Contracts (1937), 1318, 1293A; Fern E. Chalender v. United States, 127 Ct. Cl. 557; William C. Thompson v. United States, 130 Ct. Cl. 1; American Bridge Co. v. United States, 72 Ct. Cl. 344; Walter A. Rogers, et al. v. United States, 99 Ct. Cl. 393; George J. Grant Construction Co. v. United States, 124 Ct. Cl. 202; J. A. Ross & Co. v. United States, 126 Ct. Cl. 323.
As the court stated in its prior opinion on defendant’s motion to dismiss, Ozark Dam Constructors v. United States, 130 Ct. Cl. 354, 360:
* * * the non-liability provision in the contract, when fairly interpreted in the light of public policy, and of the rational intention of the parties, did not provide for immunity from liability in circumstances such as are recited in the plaintiff s’petition * * *.
I believe the allegations of plaintiffs’ petition have been proved by a preponderance of the evidence and they establish gross and wilful neglect by defendant and a disregard of defendant’s implied obligations not to hinder performance of the contract and its direct obligation to make all reasonable *132 effort to perform its contractual duties. Consequently, I believe the failure to grant plaintiffs’ requests for an equitable adjustment of the contract price for the unreasonable suspension of work which occurred as a fact, at least in part, by reason of defendant’s fault, was an arbitrary and capricious abuse of discretion.
The majority opinion seems to be premised on what the plaintiffs did not do, rather than the omissions of defendant. I believe the duty to act was on the defendant rather than the plaintiffs. Of course, it was the duty of plaintiffs to mitigate their damages. They did apparently make some effort along this line by suggesting a change order to permit them to haul the cement.
Perhaps plaintiffs were not quite persistent enough in pressing for the use of a different means of delivery but, after all, the primary obligation rested upon the defendant. It seems fair also that a reasonable time should have been allowed for defendant to arrange for or permit other means of transportation to be used so that it perhaps should not be required to shoulder the entire loss. On the other hand, the plaintiffs should not be required to sustain the total loss for the entire period of the delay especially since defendant had contracted to deliver the item.
It is also indicated that if defendant had issued a change order permitting plaintiffs to arrange the transportation, the charges would have been greater than defendant had contracted to pay for rail transportation. This difference might well be subtracted from the amount of recovery.
Inasmuch as I believe an equitable adjustment should have been made, and since an equitable adjustment is a give and take proposition, I feel that as a result of the necessary negotiations involved, a figure approximating one-half of plaintiffs’ actual damages would have been equitable under the circumstances. Surely defendant’s representatives should not be permitted to sit on their hands and look contentedly into the teeth of a contractual obligation and make no effort to mitigate or reduce the damages. Certainly a nonliability clause in a contract should not serve to completely immunize the defendant where, as here, its own wilful or thoughtless failure has contributed to the loss.
*133 I would permit recovery by plaintiffs in the sum of $176,962.16.